**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 10 2025

**MITCHELL R. ELFERS**
**CLERK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
                              )
          Plaintiff, )
                              )
      vs. )
                              )
**RUDOLPH CHAVEZ**, )
                              )
         Defendant. )
                              )

CRIMINAL NO. 25-25216 MLG

Count 1: 18 U.S.C. § 1951(a):
Interference with Commerce by Extortion
Under Color of Official Right; 18 U.S.C.
§ 2: Aiding and Abetting;

Count 2: 18 U.S.C. § 1001: False
Statements.

## INFORMATION

The United States Attorney charges:

### Introduction

At all times relevant to this Information:

### New Mexico Driving While Intoxicated (DWI) Laws

1. New Mexico has a series of state laws designed to target the unlawful driving of vehicles while under the influence of alcohol or drugs. *See* New Mexico Statutes Annotated (NMSA) 1978, § 66-8-101, *et seq.* (2016). Under New Mexico state law, a person has committed DWI if they operated a vehicle while impaired to the slightest degree, *see* NMSA 1978, § 66-8-102(A) (2016), or with a blood alcohol concentration (BAC) greater than .08, *see* NMSA 1978, § 66-8-102(C). A person has committed aggravated DWI if (1) their BAC is .16 or greater, (2) they caused injury as a result of their unlawful operation of a motor vehicle, or (3) they refused to submit to blood or breath testing. *See* NMSA 1978, §§ 66-8-102(D), 66-8-107(A). (Collectively, these are referred to as DWI Offenders.)

2.      DWI offenses that do not involve injury or death to another are generally

misdemeanors, unless the offender has at least three prior DWI convictions (resulting in the next

DWI arrest being a state felony). *See* NMSA 1978 at § 66-8-102(F)-(K). The range of

imprisonment depends on an offender's prior DWI conviction history, but all DWI convictions

require payment of associated court fees in addition to potential fines. Additionally, if a person is

convicted of DWI, they must have an ignition interlock installed in their vehicle (or in any

vehicle driven by them).

3.      To initiate a state court misdemeanor DWI offense, the arresting officer either

files a criminal complaint immediately following the arrest and takes the offender into custody,

*see* New Mexico State Court Rules (NMRA) 7-201, or later files a criminal complaint but seeks

a summons from the state court, *see id.*, *see also* NMRA 7-204. If the DWI Offender is

hospitalized or otherwise unable to be taken into custody immediately following the DWI

incident, the officer may later file the criminal complaint and seek a summons from the court.

4.      Prior to March 2022, once the New Mexico state criminal DWI charges were

initiated, all parties, including a defendant, were entitled to conduct a pretrial interview (PTI) of

all witnesses, including law enforcement officers. *See* NMRA 7-504(1). To arrange the PTI, the

parties were required to confer and agree in good faith to arrange a date and location for the PTI.

If that was unsuccessful, defense counsel could seek a subpoena from the state court for a PTI.

Typically, the initial PTI would be arranged at the law enforcement office and, if the officer did

not attend, defense counsel could request a subpoena for the PTI at another location, including

the defense attorney's law firm. On March 24, 2022, the New Mexico State Supreme Court

entered an order temporarily suspending all PTIs in cases occurring in the Bernalillo County

Metropolitan Court, which included all misdemeanor DWI arrests in Bernalillo County. *See* New

2

Mexico Supreme Court Order NO. 22-8500-016. Because of this, since March 2022, there have

not been PTIs for misdemeanor DWI cases that occur in Bernalillo County.

### New Mexico DWI Law Enforcement

5.      Multiple policing agencies share in the enforcement of DWI laws within and

around the Albuquerque area including, but not limited to, the Albuquerque Police Department

(APD), the New Mexico State Police (NMSP), and the Bernalillo County Sheriff's Office

(BCSO). Each agency has its own internal guidelines related to officer and deputy conduct and

behavior.

6.      APD has a Personnel Code of Conduct that requires all officers to "act in a

manner that is above reproach. This includes avoiding behavior that may cast doubt on their

integrity, honesty, moral judgment, or character; that tends to bring discredit to the Department;

or that impairs the Department's efficient and effective operation." APD Standard Operating

Procedure 1-1-6(A)(1).

### New Mexico Rules of Professional Conduct for Attorneys

7.      Attorneys licensed to practice law in the State of New Mexico are governed by

Rules of Professional Conduct, New Mexico Rules Annotated (NMRA), Rules of Professional

Conduct, Rule 16-100, *et seq*. "A lawyer, as a member of the legal profession, is a representative

of clients, an officer of the legal system and a public citizen having special responsibility for the

quality of justice." NMRA, Rules of Prof. Conduct, Preamble. "A lawyer's conduct should

conform to the requirements of the law, both in professional service to clients and in the lawyer's

business and personal affairs. A lawyer should use the law's procedures only for legitimate

purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the

legal system and for those who serve it, including judges, other lawyers and public officials.

3

While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process." *Id.* "The legal profession's relative autonomy carries with it special responsibilities of self-government. The profession has a responsibility to assure that its regulations are conceived in the public interest and not in furtherance of parochial or self-interested concerns of the bar. Every lawyer is responsible for observance of the Rules of Professional Conduct. A lawyer should also aid in securing their observance by other lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest that it serves." *Id.*

### The Defendant

8.      At all times material to this Information, defendant **RUDOLPH CHAVEZ** was an attorney licensed to practice in the State of New Mexico who provided criminal defense services to persons charged with DWI offenses.

### Count 1

9.      The allegations set forth in paragraphs 1 through 8 of the Information are realleged and incorporated herein by reference.

10.      In April 2023, HONORIO ALBA, a sworn law enforcement officer with APD, arrested Z.W. and charged them by criminal complaint with DWI. Z.W. hired **CHAVEZ** to represent them in their DWI case. After Z.W. hired **CHAVEZ**, ALBA agreed to accept and accepted property, United States currency, in concert with **CHAVEZ** and RICARDO MENDEZ. ALBA, in his role as a sworn law enforcement officer, was not due the property that he agreed to accept and accepted.

11.      ALBA agreed to accept and accepted the property in coordination with **CHAVEZ** and MENDEZ and was given the property, a cash payment, in exchange for his agreement to act,

or to fail to act, in such a way that Z.W. would avoid criminal consequences related to their DWI arrest. Z.W. gave the property with consent, and all charges related to Z.W.'s DWI case were dismissed on January 17, 2024.

12.    Because the state criminal charges were dismissed, the fines, fees, and additional interlock requirement that would otherwise have applied to the DWI conviction were not imposed. In addition, the Z.W.'s driver's license was not revoked as a result of a DWI conviction, allowing Z.W. to continue to drive without restriction.

13.    The above-described conduct affected commerce.

14.    From on or about May 2, 2023, through on or about January 17, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **RUDOLPH CHAVEZ**, acting in concert with ALBA and MENDEZ, knowingly obstructed, delayed, and affected in any way and degree commerce and the movement of articles and commodities in such commerce by extortion, in that the defendant obtained property consisting of U.S. currency not due ALBA or ALBA's office from Z.W. with Z.W.'s consent, under color of official right.

In violation of 18 U.S.C. §§ 1951(a) and 2.

### Count 2

15.    The allegations set forth in paragraphs 1 through 14 of this Information are realleged and incorporated herein by reference.

16.    On or about March 26, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **RUDOLPH CHAVEZ**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by claiming to special agents with the Federal Bureau of Investigation that he did not coordinate or discuss with RICARDO MENDEZ

5

securing HONORIO ALBA's agreement to fail to appear at Z.W.'s trial in exchange for a cash

payment. The statements and representations were false and fraudulent because, as **CHAVEZ**

then and there knew, he had facilitated a payment to HONORIO ALBA through RICARDO

MENDEZ in exchange for ALBA's agreement to fail to appear at Z.W.'s trial and had

coordinated the same with MENDEZ prior to the dismissal of Z.W.'s DWI charges.

RYAN ELLISON
United States Attorney

SHANA B. LONG
KATHERINE L. LEWIS
Assistant United States Attorneys
201 Third Street, Suite 900
Albuquerque, New Mexico 87103
(505) 346-7274

6