IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 10 2025

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUDOLPH CHAVEZ,<br><br>Defendant. | Cr. No. 25-2526 MLG |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, Rudolph Chavez, with the advice and counsel of his attorneys, Joseph Gribble. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to be prosecuted by indictment;

   b. to plead not guilty, or having already so pleaded, to persist in that plea;

1

  c.  to have a trial by jury; and

  d.  at a trial:

    i.  to confront and cross-examine adverse witnesses,

    ii.  to be protected from compelled self-incrimination,

    iii.  to testify and present evidence on the Defendant's own behalf, and

    iv.  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The Defendant agrees to waive these rights and to plead guilty to the Count 1 of the information charging a violation of 18 U.S.C. § 1951(a), that being Interference with Commerce by Extortion Under Color of Official Right; and Count 2 of the information charging a violation of 18 U.S.C. § 1001(a)(2), that being False Statements.

## SENTENCING

4.  As to Count 1 of the information, the Defendant understands that the maximum penalties provided by law for these offenses are:

  a.  imprisonment for a period of not more than 20 years;

  b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

  c.  a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

5. As to Count 3 of the information, the Defendant understands that the maximum penalty provided by law for this offense is:

   a. imprisonment for a period of not more than 5 years;

   b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c. a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

6. The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

7. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violation of the charge listed below:

<u>Count 1: 18 U.S.C. § 1951(a), that being Interference with Commerce by Extortion Under Color of Official Right:</u>

| | |
|---|---|
| *First*: | A person wrongfully obtained property from another with consent; |
| *Second*: | A person involved in the commission of the offense did so under color of official right; and |
| *Third*: | The conduct affected interstate commerce. |

<u>Count 1: 18 U.S.C. § 2, that being Aiding and Abetting:</u>

| | |
|---|---|
| *First*: | Every element of charged crime in Count 1 was committed by someone other than the defendant; and |
| *Second*: | The defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the United States must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. |

<u>Count 2: 18 U.S.C. § 1001(a)(2), that being False Statements:</u>

| | |
|---|---|
| *First*: | The defendant made a false statement or representation to the government; |
| *Second*: | The defendant made the statement knowing it was false; |
| *Third*: | The defendant made the statement willfully, that is deliberately, voluntarily and intentionally; |
| *Fourth*: | The statement was made in a matter within the jurisdiction of the executive branch of the United States; and |

    *Fifth:*    The statement was material to the Federal Bureau of Investigation.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

9. Over the past several decades, I was an attorney licensed to practice law in the State of New Mexico, and I owned a law office. As part of my law practice, I provided criminal defense representation to people who were arrested for and charged with Driving While Intoxicated (DWI) and related offenses. As an attorney licensed to practice in the State of New Mexico, I understand that I was required to adhere to the New Mexico Rules of Professional Conduct.

10. As a DWI defense attorney, I am aware of and am familiar with the DWI laws and regulations in New Mexico. I understand that there are state criminal charges associated with DWI arrests, and that there are administrative proceedings handled through the Motor Vehicle Department (MVD) related to the revocation of the persons' driver's licenses (the MVD proceedings).

11.     I admit that beginning in May 2023 and continuing through January 2024, contrary to my oath as an attorney and the New Mexico Rules of Professional Conduct, I coordinated with RICARDO MENDEZ, who worked as an investigator for THOMAS J. CLEAR, III, a criminal defense attorney who ran a law firm specializing in DWI defense, and HONORIO ALBA, a sworn law enforcement officer with the Albuquerque Police Department ("APD"), to ensure that HONORIO ALBA would intentionally fail to appear at required criminal settings associated with the DWI-related arrest of a DWI Offender, Z.W., who retained me, in exchange for payment of United States currency. Under this scheme, I planned to appear criminal case settings on behalf of Z.W. and to move to dismiss the proceedings based on ALBA's failure to appear.

12.     I admit that in April 2023, APD Officer HONORIO ALBA arrested and charged Z.W. with DWI and related offenses. Z.W. retained me to represent them in connection with their DWI case. After Z.W. hired me, ALBA agreed to accept and accepted property, specifically United States currency, that I received from Z.W. with Z.W.'s consent. I further admit that I provided the United States currency to MENDEZ and that MENDEZ was supposed to, and did, provide the United States currency to ALBA. ALBA was not due the property in his role as a sworn law enforcement officer, and he accepted the United States currency in exchange for agreeing to act, or to fail to act, to ensure that Z.W. would not face criminal consequences related to their DWI arrest.

13.     I admit that when coordinating the scheme, I knew that ALBA was a necessary witness and because ALBA planned to fail to appear, I knew that the case and proceedings would likely be dismissed. I further admit that, because the state criminal charges were

6

dismissed, the fines, fees, and interlock requirement that would otherwise have applied to the DWI conviction were not imposed.

14. I further admit that I now know that the above-described criminal scheme affected interstate commerce. I admit that non-prosecuted DWI cases affect interstate commerce. I now understand that fines and fees collected by the courts are sent to the State Treasurer who directs the money to the correct State of New Mexico fund. The State of New Mexico uses its various funds to participate in interstate commerce and to purchase items from companies who engage in interstate commerce. Because the above-described criminal conduct allowed DWI Offenders like Z.W. to avoid convictions and the resulting fines and fees, the amount of money available to be transferred to the State of New Mexico's funds was decreased and the funds did not collect all the fines and fees to which it was entitled. Finally, I admit that, when drivers avoid criminal culpability for DWI, some may become more likely to drive while intoxicated in the future, and, the more often that a person drives while intoxicated, the more likely they are to have an accident. I admit that DWI-related accidents impact interstate commerce and the use of interstate highways.

15. I further admit that I agreed to be interviewed by Federal Bureau of Investigation (FBI) special agents on March 26, 2024, about my knowledge of and participation in the above-described criminal scheme. I admit that I was warned of the potential criminal consequences of lying to federal law enforcement officers. Despite that warning, I falsely stated to the interviewing FBI special agents that I did not ask MENDEZ to ask ALBA to fail to appear for criminal settings in Z.W.'s case when, in fact, I knew then and there that I had coordinated ALBA's intentional non-appearance at trial with MENDEZ and ALBA.

16. At the time I was interviewed by FBI special agents in March 2024, I admit that I knew that I had spoken with MENDEZ by telephone to ask whether ALBA knew not to appear for Z.W.'s DWI trial on January 17, 2024. I further admit that after I had that telephone conversation with MENDEZ, MENDEZ and ALBA coordinated ALBA's non-appearance, and ALBA informed the Office of the Second Judicial District Attorney that he would not be appearing for Z.W.'s DWI trial on January 17, 2024.

17. On January 17, 2024, I admit that I was notified by the Office of the Second Judicial District Attorney that a *nolle prosequi* would be or was filed dismissing Z.W.'s DWI charges before trial. After being notified about the dismissal, I admit that I had a telephone conversation with MENDEZ during which I thanked him and asked him to thank ALBA. I also asked MENDEZ what ALBA told the Office of the Second Judicial District Attorney, and MENDEZ told me that ALBA told them that he had worked the night before and was too tired to attend the court setting for Z.W.'s case. Despite knowing that I had coordinated with MENDEZ and ALBA to ensure the dismissal of criminal charges against Z.W., I admit that I falsely and willfully stated multiple times to the interviewing FBI special agents that I did not and that I had no advance knowledge that ALBA planned to fail to appear for Z.W.'s trial on January 17, 2024.

18. I admit that my false statements were material to an FBI investigation and were made in connection with a matter within the jurisdiction of the Executive Branch of the United States government.

19. I further admit that this conduct occurred in the District of New Mexico.

20. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on

8

any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

21. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

   a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

   b. The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not

accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

22. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

23. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

24. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

25. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

26. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

27. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

28. The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

29. The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

30. The Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

31. The Defendant recognizes that he is entering into a pre-indictment plea agreement and that, as part of his plea, he waives the right to any pre-indictment discovery, including those rights conferred by Federal Rule of Criminal Procedure 16(a). Pre-sentencing discovery will be provided by the United States Attorney's Office.

## RESTITUTION

32. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

33. No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, 201 Third Street NW, Suite 900, Albuquerque, New Mexico 87102, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

34. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and sentence, as well as any

order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

35.     The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

36.     The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

37.     In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

38.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that the United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

## VOLUNTARY PLEA

39.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

40. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

41. The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

42. Following the Court's finding of a breach of this agreement by the Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

## SPECIAL ASSESSMENT

43. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

44. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 10th day of July, 2025.

                                         RYAN ELLISON
                                         United States Attorney

                                         */s/*

                                         SHANA B. LONG
                                         KATHERINE L. LEWIS
                                         Assistant United States Attorneys
                                         201 Third Street, Suite 900
                                         Albuquerque, New Mexico   87103
                                         (505) 346-7274

      I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

                                         Joseph Gribble
                                         Attorneys for the Defendant

      I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

                                         Rudolph Chavez
                                         Defendant