**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RUDOLPH CHAVEZ, No. 25-cr-02526-MLG

Defendant.

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING**

**COMES NOW** the Defendant Rudolph Chavez, by and through his attorney, Joseph J. Gribble, and respectfully moves this Court to continue the sentencing hearing scheduled for December 8, 2026, at 9:30 a.m., for a period of sixty (60) days. **AS GROUNDS** in support of said motion, Defendant would show the following facts:

1. The Government has been steadily providing discovery in this matter. The bulk of the discovery, which is voluminous and comprises thousands of documents and numerous audio recordings, was provided at the end of August. Since that time, the Government has been providing smaller batches of discovery with its most recent disclosure on October 19, 2026. Defense counsel requires additional time to review that discovery and cross-reference it with the information contained in the presentence report so that counsel can identify and address any discrepancies material to sentencing. There is a substantial volume of discovery to be reviewed in this case.

2. The presentence report was disclosed on November 3, 2026. The defense requires additional time to investigate the information in that report, evaluate any necessary objections or supporting submissions, and prepare fully for sentencing. The requested continuance will permit counsel to complete that work and assist the Court in sentencing on an accurate and adequately developed record.

3. Mr. Chavez is the primary, live-in caregiver for his mother, Consuelo V. Chavez, who is 96 years old and was born in 1930. She has been seriously ill since her hospitalization in October 2025 and entered hospice care with Rio Grande Hospice on June 29, 2026. Her physicians have given her a prognosis of approximately six months to live, and she has a do-not-resuscitate directive.

4. Moreover, Mr. Chavez' mother has congestive heart failure with approximately 15 percent heart function. She requires a vasodilator every eight hours, as well as several other medications for blood pressure, heart function, and blood thinning. She underwent implantation of a pacemaker for bradycardia approximately six months ago. Her condition requires assistance with positioning and getting into and out of bed, and Mr. Chavez has assisted her after she slipped from bed while attempting to use the bathroom.

5. Mr. Chavez resides with his mother, sleeps in the guest room, prepares her meals, assists with her medications and mobility, and provides care around the clock. A hospice nurse visits approximately once each week, but Mr. Chavez supplies her ongoing daily care. His mother's terminal illness and dependence on his assistance present substantial family circumstances supporting a limited continuance and additional time to obtain supporting information and make necessary caregiving arrangements.

6. The requested continuance is sought in good faith to allow adequate sentencing preparation and to address these caregiving circumstances. Defendant requests that any remaining deadlines for sentencing submissions and responses be adjusted to correspond with the reset hearing, subject to the Court's direction.

7. Under Fed. R. Crim. P. 32(b)(1), sentencing must occur without unnecessary delay, and Rule 32(b)(2) permits the Court to change the Rule's time limits for good cause. The discovery review, investigation of the presentence report, and family circumstances described above establish

good cause for the limited delay requested. Mr. Chavez consents to that delay and waives any objection to prompt disposition based solely on the requested continuance. Consistent with the ends-of-justice principle reflected in 18 U.S.C. § 3161(h)(7)(A), the interests served by allowing adequate preparation outweigh the interests in proceeding on the present date. Section 3161 governs trial timing; Defendant relies on Rule 32 for the requested sentencing continuance.

8. Assistant United States Attorney Shana B. Long does not oppose the requested continuance.

WHEREFORE, Defendant respectfully requests that the Court vacate the sentencing hearing scheduled for December 8, 2026, at 9:30 a.m.; continue sentencing for approximately sixty (60) days to a date and time set by the Court; and adjust any remaining sentencing deadlines as appropriate.

Electronically Filed,

CROWLEY & GRIBBLE, P.C.

/s/ Joseph J. Gribble, Attorney at Law
Joseph J. Gribble, ESQ.
Counsel for Defendant
300 Central Ave SW, STE 3500
Albuquerque, NM 87102
(505) 314-1450
jjg@crowleygribble.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 18th day of November 2026, I filed the foregoing motion electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shana B. Long , Assistant United States Attorney

/s/ Joseph J. Gribble, Attorney at Law
Joseph J. Gribble